# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Reina V.G.,

    File No. 26-CV-2175 (JMB/ECW)

   Petitioner,

v.

Todd Blanche, *in his official capacity as Acting Attorney General of the United States*; Markwayne Mullin, *in his official capacity as Secretary of the U.S. Department of Homeland Security*; Todd M. Lyons, *in his official capacity as the acting director of U.S. Immigration and Customs Enforcement*; and David Easterwood, *in his official capacity as the Acting Director of the Saint Paul, Minnesota Field Office of the United States Immigration and Customs Enforcement*,

    **ORDER**

   Respondents.

Solomon Daniel Steen, Contreras Edin Law, PA, Saint Paul, MN, for Reina V.G.

David W. Fuller and Jaymarie Arlene Miranda, United States Attorney's Office, Minneapolis, MN, for Respondents Todd Blanche, Markwayne Mullin, Todd M. Lyons, and David Easterwood.

   This matter is before the Court on Petitioner Reina V.G.'s[1] Petition for Writ of

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

Habeas Corpus (Petition) under 28 U.S.C. § 2241.  (Doc. No. 1 [hereinafter, "Pet."].)

Respondents Todd Blanche, Markwayne Mullin, Todd M. Lyons, and David Easterwood

(together, Respondents) are named in the Petition.  For the reasons explained below, the

Court grants the Petition in part.

## FINDINGS OF FACT

1.      Reina V.G. is a native and citizen of El Salvador.  (Pet. ¶¶ 24, 37.)[2]

2.      Reina V.G. has no criminal record.  (*Id.* ¶ 39.)

3.      Reina V.G. is subject to removal proceedings and has had an appeal pending

before the Board of Immigration Appeals (BIA) since February 9, 2026.  (*Id.* ¶¶ 24, 38.)

4.      According to the Petition, while her BIA appeal has been pending, Reina

V.G. has been under Department of Homeland Security supervision via the Intensive

Supervision Appearance Program (ISAP).  (*Id.* ¶ 24.)

5.      Reina V.G. has complied all ISAP requirements.  (*Id.* ¶ 24, 40.)

6.      On March 2, 2026, during an ISAP check-in appointment, DHS officials

placed an ankle monitor on her.  (*Id.* ¶¶ 4, 24.)  DHS did not provide a reason for its addition

of location monitoring as a condition of her release.  (*Id.* ¶ 4.)

7.      On April 7, 2026, Reina V.G. filed her Petition.  (*See* Pet.)

8.      On April 8, 2026, the Court ordered Respondents to file a response to the

---

[2] Because Respondents did not contest any of the factual allegations in the Petition, these allegations are deemed admitted.  *See, e.g.*, *Bland v. California Dep't of Corr.*, 20 F.3d 1469, 1474 (9th Cir. 1994) ("When the State's return fails to dispute the factual allegations contained in the petition and traverse, it essentially admits those allegations."), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017 (9th Cir. 2000).

Petition on April 13, 2026, at 11:00 AM.  (Doc. No. 3.)  That deadline passed, and Respondents did not timely file a response.

## DISCUSSION

In her Petition, Reina V.G. argues that, while on ISAP, she is in Respondents' constructive custody and that Respondents' unexplained and unjustified addition of an ankle monitor to the terms of her release is unlawful.  Because Respondents failed to timely respond to the Petition, the Court considers the relief in the Petition to be unopposed and therefore grants the Petition.  *See Rodriguez-Quiroz v. Lynch*, 835 F.3d 809, 822 n.6 (8th Cir. 2016) (noting that the government waived an argument by failing to raise it in an immigration appeal); *see also Estephanny P. v. Bondi*, No. 26-CV-198 (ECT/JFD), Doc. No. 10, at *3 (D. Minn. Jan. 15, 2026) (citing *Doe v. Mayorkas*, No. 22-cv-752 (ECT/DTS), 2022 WL 4450272, at *2 (D. Minn. Sep. 23, 2022) (concluding that failure to respond is an express waiver of those arguments or claims)); *Bland v. California Dep't of Corr.*, 20 F.3d 1469, 1474 (9th Cir. 1994) ("When the State's return fails to dispute the factual allegations contained in the petition and traverse, it essentially admits those allegations."), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017 (9th Cir. 2000).

As a separate and independent basis for granting the Petition, the Court finds for Reina V.G. on the merits as set forth below.  A writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States.  28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2));

*Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025). For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525 (quotation omitted). The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence. *Jose J.O.E. v. Bondi*, No. 25-CV-3051 (ECT/DJF), 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W.H.*, 782 F. Supp. 3d at 703).

Reina V.G. asserts that she meets the "in custody" requirement of the habeas statute because she remains "detained" via ICE's ISAP supervision regime. Courts have concluded that DHS hold non-citizens in "custody" through their imposition of monitoring conditions through ISAP. *See, e.g.*, *A.B.D. v. Wamsley*, No. 6:25-CV-2014-AA, 2026 WL 178306, at *5–8 (D. Or. Jan. 22, 2026) (collecting cases and concluding that Petitioners remained in "custody" for purposes of habeas relief where ICE released Petitioners from physical custody but imposed "monitoring measures, which carry with them the potential for future adverse consequences for noncompliance, ICE controls Petitioners' daily lives and thus subjects them to significant restraints that are not shared by the public generally"); *see also Batz Barreno v. Baltasar*, No. 25-CV-3017 (GPG/TPO), 2026 WL 120253 (D. Colo. Jan. 15, 2026) (granting Petition and ordering removal of ankle monitor where addition of ankle monitor as condition of release was not ordered by immigration judge). The Court finds these decisions persuasive on the issue whether a non-citizen who has been

released on bond with conditions—like Reina V.G.—remains in DHS's constructive "custody" for purposes of the 28 U.S.C. § 2241.

Reina V.G. asserts that Respondents violated her due process rights, among other things, when it imposed an ankle monitor as a condition of release without such a measure being ordered by an immigration judge (IJ).  The Court agrees.  Under 8 U.S.C. § 1226(a), (c)(4), a non-citizen may be released on bond if an IJ determines that the non-citizen does not pose a danger to the community and is likely to appear at future immigration proceedings.  The initial bond determination can be appealed by either party to the BIA or through a custody re-determination upon a showing of materially changed circumstances. 8 C.F.R. § 1236.1(d)(3).

Here, ICE unilaterally imposed location-monitoring condition to Reina V.G.'s release without showing any material change in circumstances.  To allow "ICE to impose additional conditions *after* an immigration judge has ordered release and set conditions renders th[at] administrative adjudicatory process null."  *N-N- v. McShane*, 813 F. Supp. 3d 496, 500 (E.D. Pa. Nov. 10, 2025) (concluding that ICE's argument that it may add conditions not ordered by IJ "not . . . persuasive in the slightest" and granting habeas relief to remove conditions); *see also, e.g.*, *Spencer G.H. v. Albarran, et al.*, No. 26-CV-1889 (JST), 2026 WL 800113, at *4 (N.D. Cal. Mar. 23, 2026) ("[A]s multiple sister courts have done on similar facts, the Court finds that the government is violating [petitioner's] due process rights by subjecting him to ankle monitoring and ISAP supervision without notice and a hearing to determine whether those measures are warranted."); *Eyberth M.A. v. Bondi, et al.*, No. EP-26-CV-71 (KC), 2026 WL 531899 (W.D. Tex. Feb. 25, 2026)

(ordering removal of petitioner's ankle monitor, which condition was imposed unilaterally by ICE); *Jose G.M. v. Lyons, et al.*, No. 25-CV-13783 (ADB), 2026 WL 266502 (D. Mass. Feb. 2, 2026) (ordering Respondents to remove all conditions of Petitioner's release not authorized by IJ).  Because ICE has acted outside of its own regulations and imposed a condition not authorized by an IJ, the Court grants Reina V.G.'s Petition.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED as follows:

1.  Respondents are ORDERED to remove Petitioner Reina V.G.'s ankle monitor <u>immediately</u>, and in any event no later than <u>4:00 p.m. CT on April 15, 2026</u>.

2.  On or before <u>11:00 a.m. CT on April 16, 2026</u>, counsel for Respondents shall file a letter affirming that they have removed Petitioner Reina V.G.'s ankle monitor.  Counsel shall also, on or before <u>11:00 a.m. CT on April 16, 2026</u>, file a declaration pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that states when and where Petitioner Reina V.G. was released from ankle monitoring and attaches any and all relevant documentation.

3.  Petitioner Reina V.G. may move separately within 30 days of final judgment in this action to recover attorney's fees and costs under the Equal Access to Justice Act, 20 U.S.C. § 2412(d).

4.  To the extent Petitioner Reina V.G. seeks additional relief, the Petition is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  April 13, 2026

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court